-1-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHNTHAN R. DORITY                                                          PLAINTIFF

        v.                              CIVIL NO: 2:15-2083-cv-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER ON THE DEFENDANTS' MOTION TO
DISMISS AND THE PLAINTIFF'S MOTION FOR HEARING**

        Plaintiff, Johnthan Dority, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial

review of a decision of the Commissioner of Social Security (Commissioner).  On June 26, 2015,

the Defendants filed a motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure.  ECF Nos. 10, 11.  The Plaintiff filed a response and a motion

for hearing.  ECF Nos. 12, 13, 14, 15.

**I.       Procedural History:**

        Plaintiff filed an application for disability insurance benefits (DIB) and supplemental

security income (SSI) on June 28, 2010.  Following an administrative hearing, an Administrative

Law Judge ("ALJ") denied Plaintiff's applications for benefits in a decision dated July 22, 2011.

In a successful appeal to the Appeals Council ("AC"), the AC remanded Plaintiff's case to the ALJ

for further consideration on February 16, 2012.  On June 7, 2013, following a supplemental

hearing, the ALJ issued a second unfavorable decision.  Plaintiff requested Appeals Council review

on July 18, 2013.  On April 28, 2015, the Plaintiff filed his complaint with the court.  EFC No. 1.

-2-

## II.   Applicable Law:

Federal courts have jurisdiction over social security claims under 42 U.S.C. § 405(g), which permits judicial review of a final decision of the Social Security Commissioner.  The Commissioner's decision is not final unless the claimant has presented a claim for benefits to the commissioner and has exhausted the prescribed administrative remedies before seeking judicial review.  *See Sipp v. Astrue*, 641 F.3d 975, 979-980 (8th Cir. 2011) (citing *Schoolcraft v. Sullivan,* 971 F.2d 81, 84–85 (8th Cir.1992)).  The presentation requirement must be met in every case, and a Plaintiff's failure to present a claim to the commissioner divests federal courts of jurisdiction. *Mathews v. Eldridge,* 424 U.S. 319, 328, (1976).  "The administrative exhaustion requirement can however be excused, either by consent of the Commissioner or in exceptional circumstances by the court," neither of which are implicated in this case.  *See Sipp*, 641 F.3d at 980 (citing *Schoolcraft,* 971 F.2d at 85 & n. 7).

## III.   Discussion:

The Defendants filed a motion to dismiss for failure to exhaust administrative remedies. ECF Nos. 10, 11.  In support of their motion, they attached the declaration of Roxie Rasey Nicoll, Chief of Court Case Preparation and Review for the Office of Appellate Operations.  ECF No. 10-1.  Ms. Nicoll recites the procedural history of the case, as laid out above, and states that the July 18, 2013; request for review is still pending before the AC.  ECF No. 10-1.  In response, the Plaintiff alleges that the Administration repeatedly told his attorney that his case had been "specially dismissed."  ECF No. 12.  Further, he attached a list of his pending cases before the AC, noting that this case does not appear on that list, and requests that this court schedule the matter for hearing.  ECF Nos. 12-1, 15.

-3-

In reply, the Defendants presented a second declaration by Ms. Nicoll providing an explanation of the "special dismissal" process and further explaining the procedural background of this case.  ECF No. 14-1.  She explained as follows:

> (d) A special dismissal is an administrative tool utilized by the Office of Disability Adjudication and Review to correct an error in bringing a case into the case control system, called the Appeals Review Processing System ("ARPS").  This case was originally brought in an erroneous ARPS category due to an administrative error in identifying the nature of the request for hearing after the Appeals Council remanded the case to the Administrative Law Judge for further proceedings.  A special dismissal was utilized to appropriately correct the initial error in ARPS upon remand from the Appeals Council in February 2012, when the hearing was inaccurately entered as a Court Remand (Exhibit 5).
>
> (e) Subsequently, the appropriate entry was made in ARPS, the Administrative Law Judge held a supplement oral hearing on May 29, 2013 and issued another unfavorable decision on June 7, 2013 (Exhibit 6).
>
> (f) The claimant requested review of that June 7, 2013 hearing decision on July 18, 2013 (Exhibit 7).  This request was incorrectly dismissed in ARPS due to the earlier referenced incorrect entry (Exhibit 8).  However, there has been no substantive dismissal, or other adjudicative action taken by the Appeals Council, and the request is still appropriately before the Appeals Council.

ECF NO. 14-1.

After reviewing the arguments and evidence presented in the Defendants' motion and the Plaintiff's response, the undersigned finds that there is no need for a hearing in this matter.  It is clear from the evidence that the Plaintiff's request for review remains pending before the AC.  The Plaintiff has neither received nor alleged to have received a Notice of Appeals Council Action.  Accordingly, the Plaintiff has not exhausted his administrative remedies, and this court does not have jurisdiction over the matter.

Therefore, the case will be dismissed without prejudice.  The Plaintiff is free to refile his complaint after the AC enters its Notice of Appeals Council Action.

-4-

**IV.**     **Conclusion:**

For the reasons stated above, the undersigned hereby GRANTS the Defendants' Motion to

Dismiss, and directs the Clerk to dismiss the case without prejudice.

The Plaintiff's Motion for Hearing is also DENIED.

DATED this 3rd day of August, 2015.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE